IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| TERESA HALL MARSH,<br>         *Plaintiff*,<br><br>v.<br><br>VIRGINIA DEPARTMENT<br>OF TRANSPORTATION,<br>         *Defendant*. | CIVIL ACTION NO. 6:14-CV-00006<br><br>**MEMORANDUM OPINION**<br><br>NORMAN K. MOON<br>UNITED STATES DISTRICT JUDGE |

  The pro se Plaintiff alleges that her former employer, the Virginia Department of Transportation ("VDOT"), terminated her employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, after she complained about mold in the fiscal department of the Lynchburg facility, where she worked, and the affect of the mold on her health. Defendant has submitted a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the VDOT, as an arm of the state, is immune from claims filed pursuant to Title I of the ADA. For the reasons stated herein, I will grant the motion to dismiss the ADA claims. However, Plaintiff has filed a motion amend her complaint to state a claim pursuant to the Rehabilitation Act of 1973, which I will grant, and Plaintiff will be directed to file an amended complaint.

**I.**

  The complaint and the record submitted in support thereof disclose that, on May 21, 2013, the U.S. Equal Employment Opportunity Commission ("EEOC") issued a "DETERMINATION"

that its

> [e]xamination of evidence showed that [Plaintiff] was a qualified individual with a disability and could perform the essential functions of her job, satisfying all job requirements established by Respondent. Evidence showed that Respondent was aware of [Plaintiff's] physical impairment. Respondent admits that it incurred costs associated with renovating [Plaintiff's] immediate work area. Nevertheless, mold continues to be present in her work area and Respondent refuses to relocate [Plaintiff] to another room or floor within its building as a reasonable accommodation, which would allow her to perform the essential functions of her job. . . . Respondent knowingly denied the [Plaintiff] the opportunity to continue performing her job duties as a member of the Finance staff by its failure to provide an effective reasonable accommodation.

The EEOC concluded that, "[b]ased on the analysis of the evidence, there is reasonable cause to believe [Plaintiff] was denied reasonable accommodation, in violation of the [ADA] of 1990, as amended."[1] "Upon the finding that there is reason to believe that a violation has occurred," the EEOC attempted "to eliminate the alleged unlawful practice by informal means of conciliation," inviting "the parties to join with it in reaching a just resolution of the matter." However, on July 23, 2013, the EEOC issued a "NOTICE OF CONCILIATION FAILURE," notifying the parties that it was "forwarding [the] case to the Department of Justice for possible litigation or the issuance of the Notice of Right to Sue (NRTS)."

According to Plaintiff, by "[l]etter dated September 30, 2013," she "was removed from VDOT's payroll" and was informed that she "was no longer an employee." At some point, she was informed that she would be placed on long-term disability ("LTD") on August 21, 2013, and she is apparently receiving LTD, as she complains that representatives from the LTD insurance provider "required [her] to file for permanent disability" and that they "harass [her] every month."

On November 22, 2013, the EEOC issued a NRTS to Plaintiff.

---

[1] The EEOC's Determination stated that it made no findings regarding Plaintiff's secondary allegation that, because of her disability, she had been denied opportunities for job-related training.

**II.**

Defendant filed a motion to dismiss for lack of jurisdiction, arguing that the Eleventh Amendment bars Plaintiff's claim. "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens," *Edelman v. Jordan*, 415 U.S. 651, 663 (1974), and the states' immunity extends to "certain actions against state agents and state instrumentalities," *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) (citations omitted), *i.e.*, "'when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants,'" *id*. (quoting *Ford Motor Co. v. Department of Treasury of Ind.*, 323 U.S. 459, 464 (1945) (overruled on other grounds by *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 624 (2002) (holding that a state's removal of a case to federal court waives Eleventh Amendment immunity))).

The VDOT is an instrumentality of the state. S*ee Chao v. Virginia Dept. of Transp.*, 291 F.3d 276, 280-82 (2002) (absent consent or Congressional abrogation, Virginia's sovereign immunity prevents suits against it by private citizens, but was no bar to the United States Secretary of Labor's suit against the VDOT). In *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), the Supreme Court of the United States held that Eleventh Amendment immunity is applicable to suits under the ADA, precluding an award of money damages against a state under Title I of the ADA. Additionally, the Court has held that "the Eleventh Amendment by its terms clearly applies to a suit seeking an injunction, a remedy available only from equity." *Cory v. White*, 457 U.S. 85, 91 (1982); *see also McCray v. Md. Dep't of Treasury*, 741 F.3d 480, ___ (4th Cir. 2014) (dismissing the entirety of the plaintiff's ADA lawsuit on sovereign immunity grounds). Thus, "absent abrogation of sovereign immunity or consent from [Virginia], [Marsh] cannot seek injunctive or monetary relief

from [VDOT]." *McCray*, 741 F.3d at ___.

Accordingly, I will dismiss Plaintiff's ADA claims against VDOT for lack of jurisdiction.

**III.**

Plaintiff filed a motion to amend, seeking to add the following sentence to her complaint: "Federal law, The American with Disabilities Act of 1990, as amended and the Rehabilitation Act of 1973 as amended, have been broken." Defendant points out that the proposed amendment is untimely for the purpose of amending as a matter of course and that Plaintiff may not amend her pleading without the VDOT's written consent or the leave of the Court. *See* Fed. R. Civ. P. 15(a). Defendant adds that, although the proposed amendment, generously construed, purports to add a claim under the Rehabilitation Act of 1973, it does not set forth any specific allegations to support the claim.

To be sure, a court should deny a motion to amend as futile if the amended complaint could not survive a motion to dismiss for failure to state a claim. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (citing *Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir.1985); 6 Charles A. Wright et al., Federal Practice and Procedure § 1487, at 643 & n. 26 (1990)). In addition, Local Rule 11(c)(2) requires all motions to amend pleadings to "state good cause justifying the relief requested." However, considering matters discussed on the record at the hearing on these motions,[2] and considering especially that pro se plaintiffs are held to less stringent standards than members of the bar, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), I will grant Plaintiff's motion for

---

[2] At the hearing on these motions, Plaintiff articulated the elements of a claim pursuant to the Rehabilitation Act of 1973 (the "Act"), stressing in particular that state agencies waive sovereign immunity under the Act when they accept federal money, and that the Virginia Department of Transportation accepts federal funds.

leave to file an amended complaint, and the order accompanying this memorandum opinion will direct Plaintiff to file a properly amended complaint within fourteen (14) days of the date of entry of the order.

## IV.

For these reasons, Defendant's motion to dismiss for lack of jurisdiction will be granted and Plaintiff's motion for leave to file an amended complaint will be granted.

An appropriate order accompanies this memorandum opinion.

Entered this __16th__ day of June, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE